UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| DEANNE CASEY, <br><br> Plaintiff, <br><br> v. <br><br> STG INTERNATIONAL, INC. <br><br> Defendants. | C.A. 12-10246-WGY |

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT UNDER FED.R.CIV.P. 15 AND MEMORANDUM IN SUPPORT**

Plaintiff Deanne Casey moves this Court for leave to file a Third Amended Complaint, attached as <u>Exhibit A</u>, for the purpose of adding two federal officials as defendants. As she has now exhausted her administrative remedies, Plaintiff seeks to add a claim under under Title VII of the Civil Rights Act of 1964 against Kathleen Sebelius, in her official capacity as Secretary of the Department of Health and Human Services ("HHS") and Michael Donley, in his official capacity as Secretary of the United State Air Force ("USAF") (collectively, the "Federal Defendants"). Because these claims could not be asserted until recently, due to the exhaustion requirement, and the amendment is not futile, this Court should grant Plaintiff's motion.

**1.    Plaintiff Needed To Exhaust Her Administrative Remedies Prior To Bringing This Claim.**

Plaintiff could not bring her Title VII claim against the Federal Defendants when she originally filed this action on February 8, 2012 because she needed to exhaust her administrative remedies. An employee of the federal government seeking to pursue a claim of employment

discrimination under Title VII must initially file an informal complaint with the Equal Employment Opportunity counselor for the respective agency. 29 C.F.R. § 1614.105. Once the informal investigation is completed, the employee must pursue a formal complaint with the agency's EEO office. *Id.*, §1614.106. If a formal complaint is dismissed, the employee has ninety (90) days from receipt of the notice of dismiss to file a civil action. *Id.*, § 1614.407.

In this case, Plaintiff pursued her administrative remedies, which resulted in a dismissal of her complaint and a notice of right to pursue a civil action. Her attorney received this notice on September 28, 2012. *See* Affidavit of Joseph L. Sulman, Esq, attached hereto as <u>Exhibit C</u>. Plaintiff therefore has until December 27, 2012 to file her Title VII claim against the Federal Defendants.

**2.    Plaintiff's Request To Amend Her Complaint Should Be Freely Given.**

Rule 15 of the Federal Rules of Civil Procedure provides that the Court should allow a party to amend a pleading "when justice so requires." Since no scheduling order has been adopted yet in this case, the "freely given" standard under Rule 15(a) applies rather than the more demanding "good cause" standard. *Wickman v. Makita Corporation*, 2011 U.S. Dist. LEXIS 130423, *3 (D. Mass. Nov. 9, 2011). This Court should allow Plaintiff to amend her complaint unless doing so would be futile, which it is not, as explained below.

**3.    It Is Not Futile for Plaintiff To Add Sebelius and Conley As Defendants and Assert A Title VII Claim Against Them.**

Plaintiff alleges that, while she served as a contractor at Hanscom Air Force Base for the HHS, a co-worker employed by the Department of Defense sexually harassed her. She alleges that she reported this harassment to her supervisor at HHS and nothing was done about it. She further alleges that when the harasser physically assaulted her, she reported the assault to police and told her supervisor at HHS that she did so. Most critically, Plaintiff alleges that almost

2

immediately following her report t the police, HHS and USAF terminated the contract that assigned her to Hanscom.

There is no question that Plaintiff engaged in protected activity under Title VII when she reported her assault to police. The filing of police report about an assault that culminates a pattern of gender-based harassment constitutes protected activity under Title VII. *See Worth v. Tyler,* 276 F.3d 249, 265 (7th Cir. 2001); *Patrick v. Local Union No. 282*, 2005 U.S. Dist. LEXIS 32399, * 13-14 (E.D.N.Y. Sept. 9, 2005) (reporting racially-motivated assault to police and pursuing criminal charges were protected activities); G*rant v. Hazelett Strip-Casting Corp.*, 880 F.2d 1564, 1569 (2d Cir. 1989) (holding that pursing a criminal proceeding against an alleged harasser is a protected activity because "Congress sought to protect a wide range of activity in addition to the filing of a formal complaint").

Plaintiff anticipates that her motion to amend the complaint may be contested as untimely. Under 29 C.F.R. § 1607.105, an aggrieved employee is required to contact an EEO counselor within forty-five (45) days of the adverse employment action. Plaintiff did not contact her EEO counselor until February 22, 2012, after obtaining her present counsel, more than 45 days after the termination of contract on or about November 11, 2011.

The 45-day notice requirement was tolled, however, because neither HHS nor USAF provided Plaintiff with information about her right to pursue an EEO complaint. *See* Affidavit of Deanne Casey ("Casey Aff."), attached hereto as <u>Exhibit B</u>. There were no posters in Plaintiff's workplace about her EEO rights and she did not receive any documents about her right to file an EEO complaint when her contract was terminated.

Under 29 C.F.R. § 1607.105(a)(2), an "agency ***must*** grant an extension [of the 45-day notice requirement] if the employee shows that she 'was not notified' or 'otherwise aware' of the

3

time limit."[1] *Harris v. Gonzalez*, 488 F.3d 442, 444 (D.C. Cir. 2007) (Tatel, J.) (emphasis added); *Johnson v. Cohen*, 6 Fed. Appx. 308, 312 (6th Cir. 2001). Such a showing negates the need for the employee to also make a common law showing of equitable tolling. *Harris*, 488 F.3d at 444. Plaintiff makes such a showing here by alleging in her complaint, and attesting to in her affidavit, that she never received any notice, either in person or through posters in her workplace, about the 45-day notice requirement or the EEO process itself.

Moreover, even if Plaintiff's workplace had posters describing the EEO rights of employees, such posters would not constitute constructive notice to Plaintiff unless they specifically mentioned the application of the 45-day notice period to federal contractors. *See Barnett v. Uniformed Services University of the Health Sciences,* 2011 U.S. Dist. LEXIS 88240, *18 (D. Md. Aug. 9, 2011) (rejecting defendant's motion for summary judgment on contractor's Title VII claim based on 45-day notice issue because EEO poster was unclear as to the notice period's application to contract employees such as the plaintiff).

Accordingly, as Plaintiff did not have actual or constructive notice of the 45-day notice requirement, her requirement to contact the EEO counselor within this time period should have been extended under 29 C.F.R. § 1615.105(a)(2) and her current claim deemed timely. Therefore, her motion to amend is not futile.

---

[1] 29 C.F.R. § 1614.105(a)(2) reads:

> The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

Conclusion

For the reasons stated herein, this Court should grant the Plaintiff's motion for leave to amend her complaint. If the new proposed defendants oppose this motion, Plaintiff requests that this Court grant her the opportunity to file a reply.

        Respectfully submitted,

        DEANNE CASEY
        By her attorney

        **/s/ Joseph L. Sulman**
        Joseph L. Sulman, BBO # 663635
        David I. Brody, BBO # 676984
        Law Office of Joseph L. Sulman, Esq.
        185 Devonshire Street, Suite 502
        Boston, Massachusetts 02110
        (617) 521-8600
        jsulman@sulmanlaw.com

December 7, 2012


CERTIFICATE OF SERVICE PURSUANT TO LOCAL RULE 15.1

I hereby certify that on December 7, 2012, I caused a copy of this document to be served by CERTIFIED MAIL, RETURN RECEIPT REQUESTED, on General Counsel for the Department of Health and Human Services and General Counsel for the United States Air Force, with written notice that the motion would be filed on or after December 20, 2012.

        /s/ Joseph L. Sulman
        Joseph L. Sulman

CERTIFICATE OF SERVICE

      I hereby certify that on December 21, 2012, I caused a copy of this document to be served by ECF on counsel of record for Defendant STG, International.

                        /s/ Joseph L. Sulman
                        Joseph L. Sulman